IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL SUISSI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01545-E |
| | § | |
| WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT4, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT4, | § § § § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wells Fargo Bank, N.A.'s[1] Motion to Dismiss Plaintiff's Original Petition and Brief in Support (Motion to Dismiss). (Doc. 8). After review of the pleadings, the Motion to Dismiss, Suissi's response, and the relevant law the Court GRANTS the Motion to Dismiss for the reasons enumerated hereunder.

**I.  BACKGROUND**

This is a dispute over the foreclosure of real property located at 22 Dunrobin, Garland, TX, 75044 (the Property). (Doc. 1-3 at 2-3). Suissi entered a deed of trust on the Property, which was ultimately assigned to Wells Fargo. (Doc. 1-3 at 2-6; Doc. 9-1). Suissi initiated this litigation by filing an Original Petition in the 14th Judicial District Court of Dallas County, Texas (the Petition). (Doc. 1-3 at 1). The Petition asserts only the following in its "Material Predicate Facts" section:

> Plaintiff is an owner of the property located at 22 Dunrobin, Garland, TX 75044. Defendant is the Plaintiff's mortgage holder, which is attempting to sell Plaintiff's property on July 5, 2022, through a foreclosure sale.

---

[1] The Court refers to Defendant as "Wells Fargo," hereunder.

(Doc. 1-3 at 3). In the Petition, Suissi asserts claims against Wells Fargo (i) for breach of contract; (ii) for negligent misrepresentation; and (iii) for injunctive relief. (Doc. 1-3 at 3-4). Suissi asserts "Plaintiff has received a defective notice of default and an improper notice of acceleration of the note as required by both the security documents and the property code" and "Plaintiff asserts the lender made misrepresentations in communicating to Plaintiff the options of loss mitigation, upon which Plaintiff relied to his detriment in a transaction in which Plaintiff had a pecuniary interest." (Doc. 1-3 at 3).

In response to the Petition, Wells Fargo removed this proceeding to this federal district court and, subsequently, moved to dismiss all of Suissi's claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). Suissi responded to the Motion to Dismiss. (Doc. 13). The issue is now ripe for consideration.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. In reviewing

a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III. ANALYSIS

#### A. Breach of Contract

Wells Fargo asserts that Suissi's breach of contract claims are too vague to support recovery and are otherwise bare bones allegations that cannot support a breach of contract claim. (Doc. 8 at 3). In response, Suissi restates selected content from the Petition and otherwise asserts generalizations without citation to the Petition or authority.[2]

The essential elements of a breach of contract claim under Texas law are

(1) the existence of a valid contract;
(2) performance or tendered performance by the plaintiff;
(3) breach of the contract by the defendant; and
(4) damages sustained by the plaintiff as a result of the breach.

*Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (internal quotation omitted); *see, e.g.*, *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019) (enumerating the same elements for breach of contract). "[A] claim for breach of a

---

[2] The Court notes that Suissi's response is completely devoid of citation to any legal authority in its argument sections regarding breach of contract and negligent misrepresentation. (*See* Doc. 13 at 2-4). The Court further notes that Suissi's briefing is rife with rhetorical questions and generalizations that lack support. (*See* Doc. 13).

note and deed of trust must identify the specific provision in the contract that was breached." *Williams*, 560 F. App'x at 238; *see, e.g.*, *King v. Wells Fargo Bank, N.A.*, No. 3-11CV-0945-M-BD, 2012 WL 1205163, at *2 (N.D. Tex. Mar. 20, 2012) (concluding plaintiffs failed to sufficiently allege a breach of a deed of trust), *report and recommendation adopted*, No. 3-11-CV-0945-M-BD, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012), aff'd, 533 F. App'x 431 (5th Cir. 2013). "Moreover, if . . . plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper." *Williams*, 560 F. App'x at 238 (ultimately dismissing plaintiffs' claim for breach of the deed of trust).

At the outset, the Court recognizes that Suissi's Petition refers in an unclear manner to "loan documents in question" and "security documents and the property code" in his breach of contract claim. (Doc. 1-3 at 3). Though it is evident Suissi disputes the foreclosure on his property and corresponding notice of default, Suissi attached no corresponding documents to his Petition. (Doc. 1-3). Nevertheless, Suissi refers to a deed of trust. (Doc. 1-3 at 2). And, Wells Fargo filed an appendix to the Motion to Dismiss, which contains the deed of trust and corresponding assignment documents, and the Court considers those documents as central to Suissi's claim(s) and referenced by the Petition. *See Lone Star Fund*, 594 F.3d at 387.[3] Thus, the Court includes the appendix in its review. *See Lone Star Fund*, 594 F.3d at 387.

Here, as in *Williams*, Suissi's Petition does not identify any specific provision in the deed of trust or any other contract that Wells Fargo breached. *See Williams*, 560 F. App'x at 238; (Doc. 1-3 at 2-3). Furthermore, as in *Williams*, Suissi fails to allege whether he was current on his

---

[3] Notwithstanding, Suissi asserted neither objection to nor briefing regarding Wells Fargo's appendix.

payments under the deed of trust. *See Williams*, 560 F. App'x at 238; (Doc. 1-3 at 2-3).[4] Although the Petition complains of "defective" or "improper" notice, the Petition contains no other assertions of fact regarding the notice. That is, without (i) factual allegations as to what was agreed for effective or proper notice and (ii) the manner in which Wells Fargo provided "defective" or "improper" notice, the Court cannot reasonably infer that notice was defective or improper such that Wells Fargo is liable for breach of contract. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

Lastly, the Petition avers that "the loan documents provide that acceleration and foreclosure are subject to the limitations of the [Department of Housing and Urban Development] HUD regulations" and that Wells Fargo failed to "make reasonable efforts to inform Plaintiff of any assistance option [sic] before accelerating the note." But, again, the Petition alleges no facts as to what the "loan documents" required regarding (i) acceleration of the note; (ii) applicable HUD regulations; or (iii) Well's Fargo's efforts to inform Suissi of assistance option(s) before accelerating the note.[5] Correspondingly, the Court cannot reasonably infer that Wells Fargo is liable for breach of contract for such alleged failure(s). *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

In effect, Suissi's allegations that form the basis of his breach of contract claim amount to legal conclusions couched as factual allegations that the Court may not accept as true. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. For the reasons enumerated above, the Court must find and conclude Suissi has failed to state a claim for breach of contract. The Court GRANTS the Motion to Dismiss as to the breach of contract claim.

---

[4] *See generally Dobbins v. Redden*, 785 S.W. 2d 377, 378 (Tex. 1990) (discussing breach and substantial performance).

[5] The Court notes that although the Petition complains of HUD regulations and refers to "24 CFR 203.501, 24 CFR 203.604(b); and 24 CFR 605," the deed of trust does not appear to make express mention or adoption of any HUD regulations. (Doc. 9-1 at 1-19).

B. **Negligent Misrepresentation**

Wells Fargo asserts Suissi's negligent misrepresentation claim should be dismissed (i) because no legal duty exists in the context of a negligence or negligent misrepresentation claim under Texas law or under HUD regulations; (ii) because Suissi fails to specify facts related to negligent misrepresentation; and (iii) because of the economic loss doctrine. (Doc. 8 at 6-8).[6] Suissi only responds to Wells Fargo's third basis for dismissal—the economic loss doctrine—generally asserting that such an "affirmative defense . . . is more properly the subject of a motion for summary judgment." (Doc. 13 at 3).

Under Texas law, a claim for negligent misrepresentation consists of the following elements:

> (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest;
> (2) the defendant supplied false information for the guidance of others in their business;
> (3) the defendant did not exercise reasonable care or competence in obtaining or communicating information; and
> (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.

*McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 768 (N.D. Tex. 2017) (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W. 2d 439, 442 (Tex. 1991)). A plaintiff need only show that their reliance on a defendant's representation is justifiable "given their individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud." *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). "Under Texas law, damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of

---

[6] Wells Fargo does not concede that HUD regulations were incorporated into the deed of trust. (Doc. 8 at 6).

which the misrepresentation is a legal cause[.]" *TIB--The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F. Supp. 3d 661, 671 (N.D. Tex. 2014) (internal quotation omitted).[7]

Here, as plead, Suissi asserts only bare bones allegations as to his negligent misrepresentation claim. Indeed, the Petition fails entirely to allege the representation Wells Fargo made in the course of its business; what constituted the false information Wells Fargo allegedly supplied; or how Suissi justifiably relied on Wells Fargo's alleged negligent misrepresentation to his detriment. Thus, the Court cannot reasonably infer the facts required for a negligent misrepresentation claim for which Wells Fargo is liable.

Furthermore, contrary to Suissi's assertion regarding the economic loss rule, courts routinely dismiss claims—at the motion to dismiss stage—due to the economic loss rule. *See, e.g.*, *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (discussing and affirming grant of motion to dismiss based, in part, on economic loss rule); *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 930 (N.D. Tex. 2014) (granting motion to dismiss negligent misrepresentation claim due to, in part, the economic loss rule); *Teague v. Norcold, Inc.*, 774 F. Supp. 2d 817, 820 (N.D. Tex. 2011) (partially granting motion to dismiss based on economic loss rule). As another court in the Northern District has explained:

---

[7] In *D.S.A., Inc. v. Hillsboro Independent School District*, the Texas Supreme Court explained:

> 1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is legal cause, including:
> (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
> (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.
> (2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

*D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663–64 (Tex. 1998) (quoting Restatement (Second) of Torts § 552B (1977)).

> Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.,* 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W. 2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed,* 711 S.W. 2d 617 (Tex. 1986), a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 618; *see also DeLanney,* 809 S.W. 2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").
>
> "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.,* No. 3:05–cv–2499–L, 2006 WL 2432309, at *5 (N.D.Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W. 2d 41, 45–47 (Tex. 1998)); *DeLanney,* 809 S.W. 2d at 494–95.

*Johnson*, 999 F. Supp. 2d at 930.

Here, Suissi's claim for negligent misrepresentation is based on the same "transaction" regarding his breach of contract—his dispute regarding foreclosure on the Property. (*See* Doc. 1-3 at 3). Suissi asserts no facts alleging Wells Fargo had any existing duty or "special relationship" arising outside of the loan documents. *See Johnson*, 999 F. Supp. 2d 919, 931 (N.D. Tex. 2014). To the contrary, Suissi's negligent misrepresentation claim is for a breach of duty created by the same agreements disputed in his breach of contract claim—instead of a duty imposed by law.

To the extent Suissi sought to assert a breach of duty Wells Fargo owed to Suissi under HUD regulations, no such duty exists as "the [HUD] regulations promulgated thereunder deal only with the relations between the mortgagee and the government[] and give the mortgagor no claim to duty owed nor remedy for failure to follow." *Roberts v. Cameron-Brown Co.*, 556 F. 2d 356,

360 (5th Cir. 1977); *see Baker v. Countrywide Home Loans, Inc.*, No. CIV A 308-CV-0916-B, 2009 WL 1810336, at *3 (N.D. Tex. June 24, 2009) (collecting cases as to the same).[8] Otherwise, Suissi has asserted no conduct from Wells Fargo independent of the agreements that exist between the parties on the Property. *See Johnson*, 999 F. Supp. 2d at 930.

Last, Suissi avers he has sustained "damages for clouding the title, harm to credit reputation and creditworthiness, additional charges to its [sic] mortgage and escrow accounts and value of time in remedying the problem." (Doc. 1-3 at 3). However, Suissi makes no further allegations to substantiate these assertions of damages. Suissi otherwise makes no allegations as to his pecuniary loss.

Here, the Court finds and concludes Suissi's negligent misrepresentation claim seeks to recover damages from Wells Fargo in tort for losses resulting from the alleged breach of contract—therefore, a "repackaged breach of contract claim." *See Johnson*, 999 F. Supp. 2d at 930. Again, Suissi's allegations that form the basis of his negligent misrepresentation claim amount to legal conclusions couched as factual allegations that the Court may not accept as true. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. For the reasons enumerated hereabove, the Court must find and conclude Suissi has failed to state a claim for negligent misrepresentation. The Court GRANTS the Motion to Dismiss as to the negligent misrepresentation claim.

### C. Injunctive Relief

Wells Fargo asserts Suissi's request for injunctive relief should be dismissed because it is a prayer for injunctive relief without a cause of action supporting entry of judgment—essentially

---

[8] "[C]ourts have recognized that violations of such provisions fail to give rise to a private cause of action" and, therefore "plaintiffs cannot sustain a cause of action for wrongful acceleration and foreclosure solely on the basis that the FHA and HUD regulations were not complied with." *Baker v. Countrywide Home Loans, Inc.*, No. CIV A 308-CV-0916-B, 2009 WL 1810336, at *3 (N.D. Tex. June 24, 2009)

asserting that because Suissi failed to adequately plead his substantive legal claims, Suissi's request for injunctive relief also fails. Suissi offers no response regarding his request for injunctive relief.

Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (explaining that the plaintiff's failure to defend a claim in response to a motion to dismiss constituted abandonment of the claim) (citing *Vela v. City of Houston,* 276 F.3d 659, 679 (5th Cir. 2001)); *Kellam v. Servs.,* No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue."), *aff'd sub nom., Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) (citations omitted). As Suissi failed to brief this issue, the Court finds and concludes Suissi has waived the issue of his request for injunctive relief.

Furthermore, to obtain injunctive relief, a plaintiff must "demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs any damage the injunction may cause to defendant; and (4) that the injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.,* 81 F.3d 597, 600 (5th Cir. 1996); *Canal Auth. of State of Fla. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974). In light of the Court's finding and conclusion that the Petition otherwise fails to state any plausible claim for relief, there is no substantial likelihood that Suissi will succeed on the merits. Thus, the Court GRANTS the Motion to Dismiss as to Suissi's request for injunctive relief.

## IV. CONCLUSION

The Court GRANTS the Motion to Dismiss for the foregoing reasons. Because (i) the Court's determination is based on Suissi's state court petition and (ii) Suissi has not amended his pleading since this case was removed, Suissi may file a motion for leave to amend his complaint—within 21 days of the date of this order—to which the proposed amended pleading shall be attached as an exhibit. *See* N.D. Tex. L. Civ. R. 15.1 (enumerating requirements on motions to amend). If Suissi fails to timely file a motion for leave to amend, the Court shall DISMISS without prejudice Suissi's claims against Wells Fargo.

**SO ORDERED.**

29th day of March, 2023.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE